**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

JUSTINO PIZADDO MATIAS,

    Plaintiff,

      v.                                      CIV.NO. 06-1225 (PG)

ESTADO LIBRE ASOCIADO DE PUERTO RICO,
ET AL.,

    Defendants.

## OPINION AND ORDER

Before the Court is defendants' Motion to Dismiss. (Docket No. 6.) For the following reasons the Court **GRANTS** defendants' motion.

On March 6, 2006, pro-se plaintiff, a police officer, filed this action. He stated that he was filing suit pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment. Upon reading the factual allegations in the complaint, it is not pellucidly clear what actions by defendants harmed plaintiff. It seems as though he had been litigating a case before the state court and he was not afforded discovery of some documents he had requested. Plaintiff appears to be claiming that defendants violated his rights when they denied him access to some documents or records. Plaintiff claims that as a result of defendants' actions, he has suffered damages amounting to $6,200.00 and requests that the Court order defendants to pay him said amount.

Defendants move to dismiss the case arguing that plaintiff is requesting to be paid the amount of $6,200.00 in damages which does not satisfy the jurisdictional amount of $75,000.00 for this Court to have jurisdiction over the case. Furthermore, they argue that plaintiff does not clearly identify the statute allegedly violated by defendants and that he has failed to state a civil rights claim. Accordingly, defendants argue that the Court should dismiss the case.

District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §

Civ. No. 06-1225 (PG)                                                    Page 2

1331. District Courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, when the case is between citizens of different States. 28 U.S.C. §1332. Here, plaintiff stated that his claim arose under a federal statute. Therefore, he needs not meet the $75,000 jurisdictional amount as defendants argue. Nevertheless, plaintiff's complaint must be dismissed inasmuch as it fails to state a claim of civil rights violation.

To prevail in his §1983 claim, plaintiff must allege:(1) that defendants acted under color of state law and (2) that defendants deprived him of a federally protected right. See Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001).

Here, even the most liberal reading of the complaint in plaintiff's favor[1], reveals that his allegations do not come close to stating a civil rights claim. He does not claim that defendants were acting under color of state law and neither does he state what federally protected right defendants deprived him of.

What is more, even if plaintiff had claimed that defendants acted under color of law, his Fourteenth Amendment claim would fail. Plaintiff has not identified what property interest as defined by state law he had which defendants deprived him of without a constitutionally adequate process[2] and neither has he shown that that the defendant's conduct "shocks the conscience[3]." In sum, plaintiff's complaint must be dismissed because he has not stated a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

---

[1] When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000).

[2] PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991). See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 542-43 (1985); Board of Regents v. Roth, 408 U.S. 564, 574 (1972).

[3] Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 622 (1st Cir. 2000)(quoting Brown v. Hot, Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1st Cir.1995) (internal citations omitted).

Civ. No. 06-1225 (PG)                                                  Page 3

See Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995)(finding that a complaint should be dismissed if it appears beyond any doubt that the non-moving party cannot prove facts which may support a claim entitling him to relief).

    WHEREFORE, having carefully the pleadings, the Court **GRANTS** defendants' motion and dismisses this case with prejudice.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, December 6, 2006.

                                          S/JUAN M. PEREZ-GIMENEZ
                                          U. S. DISTRICT JUDGE